**Jay A. STEINBERG, Interim Trustee for Pioneer Development Corp., Plaintiff,**

v.

**FIRST NATIONAL BANK OF BLUE ISLAND, Defendant.**

**Bankruptcy No. 88 C 5126.**

United States District Court, N.D. Illinois, E.D.

Sept. 15, 1988.

Angelo Ruggiero, Matthew J. Botica, Anthony Burt, Michael Solow, Hopkins & Sutter, Chicago, Ill., for plaintiff.

John Anderson, Jerome Buch, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

KOCORAS, District Judge:

Plaintiff Pioneer Development Corp. ("Pioneer") has filed an appeal of a final judgment which dismissed with prejudice Pioneer's motion for leave to intervene and file an Amended Intervening Adversary Complaint in case No. 85 A 0661. The plaintiff in that case is Jay A. Steinberg, as interim trustee for Pioneer, the debtor in an involuntary bankruptcy proceeding. Defendant First National Bank of Blue Island (the "Bank") has moved to dismiss the appeal filed by Mr. Ruggiero on behalf of Pioneer. For the following reasons, the Bank's motion is granted.

## I. FACTS

In the bankruptcy proceeding, the Bank is one of the largest creditors of Pioneer as the result of a $600,000 loan made to Pioneer by the Bank. Adversary proceeding No. 85 A 0661 involves ten townhouses in Oak Park that were transferred to the Bank by deed following Pioneer's default on the loan. The complaint alleges that the Bank breached an agreement with the debtor to sell the townhouses, and that as a result of this alleged breach, Pioneer suffered a loss of $500,000.

When this complaint was filed, Mr. Ruggiero was acting both as special counsel to the trustee, and as counsel for the debtor, Pioneer. The trustee did not know of, nor consent, to this complaint. The Bank filed motions to dismiss the original complaint and Intervention. The Trustee also filed a response to the Bank's motion to dismiss. The Trustee's response concurred with the Bank's motion, stating his objection to Ruggiero's motion to intervene and file an amended complaint.

Bankruptcy Judge, John D. Schwartz, granted the Bank's motion to dismiss, and ruled that all intervening adversary complaints by Mr. Ruggiero shall be deemed dismissed with prejudice. Memorandum Opinion and Order, 88 A 0661, April 27, 1988, P. 6. Pioneer filed an appeal. At issue before this court is the Bank's motion to dismiss Pioneer's appeal.

## II. DISCUSSION

Bankruptcy Rule 8009(a)(1) states:

(a) Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

(1) The appellant shall serve and file his brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

Pioneer had its appeal docketed on June 21, 1988. A brief has not been filed with the court by Mr. Ruggiero. Although an explanation of sorts to account for the brief's absence has been presented to the court by Mr. Ruggiero, he mistakenly focused on the absence of prejudice to the appellee. However, it is the Court that has been greatly disadvantaged. This court has been unable to ascertain from Pioneer's answer to the Bank's motion exactly what is the debtor's complaint.

Bankruptcy rule 7024 made Rule 24 of the Federal Rules of Civil Procedure applicable to adversary proceedings. Permissive intervention under 7024(a)(2) has three requirements: (1) applicant must claim an interest relating to the property or transaction which is the subject of the action; (2) applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (3) may intervene only if the applicant's interest is not adequately represented by existing parties.

As noted in the opinion of Judge Schwartz, the applicant, Mr. Ruggiero, has "neither applied Rule 7024 to any facts which would support his request nor has he cited any other law or authority to persuade this court to grant Ruggiero's motion." Memorandum Opinion and Order at 3. This statement still holds true for Mr. Ruggiero's disjointed and imprecise presentation to this court. This court is satisfied, nonetheless, that Mr. Ruggiero's allegations describe an interest that is remote and speculative at best.

The issue of whether the Trustee has adequately represented the interests of the debtor estate must be decided in the affirmative. The Trustee's reply to the Bank's motion to dismiss in the lower court proceeding said that he saw no reason to pursue the matter any further. The trustee was aware of all the evidence that has been presented to the bankruptcy court and made a decision, assisted by counsel, that the matter should not be pursued. The trustee stated in his response to Pioneer's motion that "(t)o date, Mr. Ruggiero has not provided the Trustee with any written information which would persuade the Trustee that Pioneer has an actionable claim against the Bank based on the facts set forth in the Complaint." Trustee's Reply to Bank's Motion to Dismiss, p. 4.

The Trustee has acted in an informed and intelligent manner in this and previous matters before the Bankruptcy Court. Therefore, absent any facts to the contrary, this court concludes that the Trustee has been and is representing the debtor estate in an adequate manner and is pursuing the best interest of the estate. It is important to reiterate that the Seventh Circuit has held that for the sake of expeditious judicial process in a bankruptcy case, the Trustee's single effort eliminates wasteful and competitive suits of individual creditors and interested parties. *See e.g. Koch Refining v. Farmers Union Central Exchange, Inc.,* 831 F.2d 1339 (7th Cir. 1987) *cert. denied* —— U.S. ——, 108 S.Ct. 1077, 99 L.Ed.2d 237 (1988). Therefore, in the absence of clear and persuasive arguments on behalf of Pioneer, this court will not disturb the ruling of Judge Schwartz.

## CONCLUSION

For the reasons stated above, the First National Bank of Blue Island's Motion to Dismiss the Appeal filed by Mr. Ruggiero on behalf of Pioneer Development Corp. is granted. Pioneer's appeal is dismissed with prejudice.

It is so ordered.